**KEENAN S. ELLIOTT**                                                                              **PLAINTIFF**

**v.**

**MISSY CAUSEY et al.**                                                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Keenan S. Elliott, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff, who was incarcerated at the Warren County Regional Jail (WCRJ) when he filed his complaint, named as Defendants in his complaint the following WCRJ employees: Missy Causey, Tim Robinson, Heather Miller, Taffy Stafford, Kim Keith, Jackie Strode, Miles Douglas, Adam Jackson, Pat Watt, and Lt. Shawn Wittsley.[1] Plaintiff later filed an amended complaint adding as Defendants the following WCRJ employees: Major William Baker, Major Jeff Robinson, Sergeant Rebecca, Captain Stillman, and Kalie Weatherford (DN 19).[2]

Plaintiff states that on or about January 12, 2013, after a search of his cell by Lt. Tim

---

[1] This action was initiated when Plaintiff filed a letter with the Court (DN 1). Upon being instructed to complete a prisoner complaint form, Plaintiff did so, and the Court has considered that document (DN 7) as Plaintiff's complaint for purposes of initial review.

[2] "A party may amend its pleading once as a matter of course within . . . 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1)(a). Service has not yet occurred in this case.

Robinson and Officer Heather Miller, he returned to find his $185 Air Jordan shoes torn open. Plaintiff states that as he was leaving his cell before the search he showed Defendants Robinson and Miller his medical receipt stating that he is allowed to wear those shoes at all times due to "pins" in his foot. Plaintiff states: "[Defendant Robinson] said no you can't[.] I said so your overiding medical[.] [H]e just laughed and said you can't wear them. After we returned I told [Defendant Robinson] my shoes were torn up[.] He said write a grievance."

Apparently, Plaintiff filed a grievance about this incident with Defendant Pat Watt. He states that after Defendant Missy Causey checked with medical it was determined that he was allowed to wear his shoes at all times due to having pins in his foot. He alleges that, after he filed grievances, Defendant Causey immediately changed his medical receipt to reflect that he could not wear the shoes during a cell search. He also alleges that other inmates wear their shoes all the time, even to court and recreation. He states that Defendant Causey told him to get an attorney, that she has never lost a case, that he should not to write anymore grievances, and that she does not have to answer anything he says. He asks for monetary and punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## A.      Due Process claim relating to destruction of his shoes

A prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that state post-deprivation remedies are inadequate.  *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995).  Kentucky has adequate post-deprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants.  *See Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985).  Consequently, Plaintiff's claims related to the damage to his shoes must be dismissed.

## B.      Claim regarding grievances

To the extent his allegations concern the denial of his grievances, such allegations do not state a § 1983 claim.  A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances.  *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant

denied an administrative grievance or failed to act based upon information contained in a grievance."); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation.

C.     **Discrimination claim**

Plaintiff also alleges that the destruction of his shoes was a "deliberate act of discrimination." He states other inmates were allowed to wear their sneakers all the time.

The Fourteenth Amendment's Equal Protection Clause's purpose "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (internal quotation marks and citations omitted). In *Village of Willowbrook*, the Supreme Court laid out the requirements for a class-of-one equal protection claim: a plaintiff must allege "that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook*, 528 U.S. at 564. Reading Plaintiff's complaint liberally, as this Court must do, the Court finds that Plaintiff has alleged a class-of-one theory of equal protection against Defendant Causey. *See Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009). As explained below, the Court will allow that claim to go forward against Defendant Causey in her individual capacity only.

- *Official-capacity claim against Defendant Causey*

Plaintiff sued Defendant Causey in both her individual and official capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claim against Defendant Causey in her official capacity is actually brought against the Warren County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

5

deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, there are no allegations that Defendant Causey's actions were taken by virtue of a custom or policy. Therefore, Plaintiff's claim against her in her official capacity fails to state a claim and will be dismissed.

### III. CONCLUSION AND ORDER

**IT IS ORDERED** that Plaintiff's claims regarding due process concerning the destruction of his shoes, his grievances, and his equal protection claim against Defendant Causey in her official capacity are **DISMISSED** for failure to state a claim. The Clerk of Court is **DIRECTED** to terminate as parties to this action all of the Defendants except Missy Causey.

The Court will enter a Scheduling Order to govern the development of Plaintiff's remaining claim, *i.e.*, his individual-capacity claim for discrimination in violation of the Equal

Protection Clause against Missy Causey.  In so doing, the Court expresses no opinion on the

ultimate merit of this claim.

Date:   November 13, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Warren County Attorney
4414.009