# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**KEENAN S. ELLIOTT**                                                    **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 1:13-CV-P106-M**

**MISSY CAUSEY et al.**                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion for summary judgment filed by Defendants Missy Causey and Tim Robinson (DN 63). Plaintiff initially failed to file a timely response. However, after the Court entered an Order providing him with additional time, Plaintiff did file a response.[1] Plaintiff's response also moved for summary judgment in his favor (DN 69). For the following reasons, Defendants' motion will be granted, and Plaintiff's motion will be denied.

## I.

Plaintiff, who at the time was incarcerated at the Warren County Regional Jail (WCRJ), initiated this action bringing a number of claims against several WCRJ employees. In his complaint, Plaintiff stated that on or about January 12, 2013, after a search of his cell by Lt. Tim Robinson and another officer, he returned to find his $185 Air Jordan shoes torn open. Plaintiff states that as he was leaving his cell before the search he showed Defendant Robinson his medical receipt stating that he is allowed to wear those shoes at all times due to "pins" in his foot. Plaintiff stated: "[Defendant Robinson] said no you can't[.] I said so your overiding medical[.] [H]e just laughed and said you can't wear them. After we returned I told [Defendant Robinson] my shoes were torn up[.] He said write a grievance."

---

[1] As Defendants point out in their reply, that response is largely indecipherable and appears to be in large part a reply to Defendants' answer. The Federal Rules of Civil Procedure do not allow for a reply to an answer.

Plaintiff further stated that after Defendant Missy Causey checked with medical it was determined that he was allowed to wear his shoes at all times due to having pins in his foot. He alleges that, after he filed grievances, Defendant Causey immediately changed his medical receipt to reflect that he could not wear the shoes during a cell search. He also alleged that other inmates wear their shoes all the time, even to court and recreation. On initial review, the Court allowed to go forward only Plaintiff's claim against Defendant Causey in her individual-capacity for discrimination in violation of the Equal Protection Clause with regard to Plaintiff's claim that he was not allowed to wear his own shoes.

Plaintiff then filed a proposed amended complaint. Plaintiff was permitted to amend his complaint to add Defendant Robinson in his individual capacity based on Plaintiff's additional allegations that Defendant Robinson retaliated against him for emergency phone calls made from the cell where Plaintiff was housed by tearing up his shoes. Specifically, in his amended complaint, Plaintiff stated: "this case wouldn't have ever been a case if Lt. Tim Robinson would not have overrode an order given by Medical in order for Tim Robinson to get back at me. I really think Lt. Tim Robinson tore my shoes up; Tim had a motive when he came in the night after there were emergency phone calls made out our 10 man cell." He continued, "I do feel with removing Lt. Tim Robinson . . ., I'll or we'll never know who made this deliberate act against me."

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence

2

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### *Claim against Defendant Causey*

Defendant Causey argues that the WCRJ's policy on personal footwear provides that inmates are not allowed to wear their personal shoes outside of their housing cell with the following exceptions: when an inmate has a legitimate medical condition requiring his shoes to be worn, when going for recreation, or when on a federal transport. She argues that this policy on footwear was applied, equally, to Plaintiff and all other WCRJ inmates and that Plaintiff has not shown that he was treated differently than other inmates regarding his footwear. Therefore, she argues that his equal protection claim fails and must be dismissed.

Attached to Defendant Causey's motion is her affidavit in which she avers that she was the Chief Operations Deputy of WCRJ during the pertinent time and that, at all times, WCRJ had in effect a policy of "not allowing inmates to wear their personal footwear outside of their housing cells. When outside of their cells, inmates must wear WCRJ-issued flip-flops, flip-flops purchased from the inmate commissary, or flip-flops brought from another jail/prison." She

further avers that this policy was enacted to enhance the security and safety of the jail, specifically to combat the problem of contraband in the jail because it is known that "inmates frequently attempt to conceal or otherwise carry contraband in their shoes." She further avers that an exception is made "where a medical professional has ordered that shoes be worn at all times." She also avers that "WCRJ's policy on footwear was applied equally to Keenan Elliott and every other inmate housed within WCRJ. Keenan Elliott was treated no differently than any other inmate."

The Fourteenth Amendment's Equal Protection Clause's purpose "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (internal quotation marks and citations omitted). The requirements for a class-of-one equal protection claim are an allegation "that [Plaintiff] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook*, 528 U.S. at 564.

In neither Plaintiff's response to the motion for summary judgment nor his own motion for summary judgment, which has been considered as well, does Plaintiff offer any evidence to rebut Defendant Causey's averment that the policy was applied to all inmates equally. Although he does not mention it in conjunction with the summary-judgment motion, attached to a letter Plaintiff filed in this action in August 2013 (DN 11) was a medical receipt showing that Plaintiff was allowed to wear his own shoes at all times. Also placed in the record by Plaintiff, *see* DN 36, is a grievance dated January 13, 2013, and response thereto from Defendant Causey dated

4

January 18, 2013. Defendant Causey stated in her response to that grievance, "Checked with medical. Inmate is approved to wear shoes outside of cell to court, church etc. Medical staff (Taffy) advised this slip does not supercede cell search procedures. (May have new pair brought to jail. Old pair to be disposed of)." This response to his grievance does not support Plaintiff's theory that Defendant Causey unilaterally changed the shoe policy. Instead, it shows that she checked with medical to clarify whether the medical slip would supercede WCRJ's footwear policy and was told that it did not. Plaintiff has offered nothing to rebut Defendant Causey's averment that the footwear policy was applied equally to all inmates and that Plaintiff "was treated no differently than any other inmate." Without evidence that he was treated differently from a similarly situated individual, his equal protection claim must be dismissed. *See Assoc. of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 549 (6th Cir. 2007) ("In these class of one cases, the plaintiff must allege that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." (internal quotation marks omitted)). Accordingly, the Court finds that summary judgment in favor of Defendant Causey is appropriate.

### *Claim against Defendant Robinson*

Plaintiff's claim against Defendant Robinson is that Defendant Robinson retaliated against Plaintiff by tearing up his shoes. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the

5

adverse action was motivated, at least in part, by the protected conduct. *Id.* Plaintiff has the burden of proof on all three elements. *See, e.g.*, *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003).

Defendant Robinson explains by affidavit that the cell in which Plaintiff was housed has a telephone which can be used by inmates to make calls outside the jail or to contact jail staff to report emergencies within the cell: "WCRJ policy strictly prohibits use of the phone to contact jail staff for non-emergency matters." Defendant Robinson argues that if Plaintiff did not make the calls, which he has not admitted to doing, then Plaintiff has not engaged in protected conduct. Defendant Robinson further argues that, as Plaintiff alleges the calls made were not of an emergency nature, those calls, even if made by Plaintiff, did not constitute protected conduct. Therefore, Defendant Robinson argues that Plaintiff has failed to state a retaliation claim.

Attached to Defendant Robinson's motion is his affidavit in which he avers that during the cell search, he "did search shoes belonging to Keenan Elliott. However, the shoes were already 'damaged' a[t] the time of my search." He avers, "I did nothing, either intentionally or unintentionally, to damage Elliott's shoes. Further, at no time did I retaliate against Keenan Elliott in any way. More specifically, at no time did I retaliate against [Plaintiff] for non-emergency calls made out of his cell."

Thus, Defendant Robinson has offered affirmative evidence that Plaintiff was not engaged in a protected activity and that he is not the one who damaged Plaintiff's shoes, two of the three elements of a retaliation claim.[2] Plaintiff has offered no rebuttal evidence. The Court

---

[2] As to the second element of a retaliation claim, the Sixth Circuit has held that deprivation of property can be considered adverse action. *See Clark v. Johnston*, 413 F. App'x 804, 815 (6th Cir. 2011).

finds that summary judgment in favor of Defendant Robinson is appropriate. *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it").

### III.

For the foregoing reasons, Plaintiff's motion for summary judgment (69) is **DENIED**. Defendants' motion for summary judgment (DN 63) is **GRANTED**.

Date:  October 28, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Counsel of record
4414.009